IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **RAYMOND BENOIST,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: 3:14-cv-406 |
| | § | |
| **GALVESTON COUNTY; AND** | § | **JURY DEMANDED** |
| **HENRY TROCHESSET,** | § | |
| **INDIVIDUALLY AND IN HIS** | § | |
| **OFFICIAL CAPACITY.** | § | |
| | § | |
| Defendants, | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Raymond Benoist, brings this action against Defendants Galveston County and Henry Trochesset, in his individual and official capacity, pursuant to 42 U.S.C. § 1983 for violating Plaintiff's constitutional right to free speech and association and for cause of action would respectfully show the Court as follows:

**I.**
**PARTIES**

1. Plaintiff Raymond Benoist is an individual residing in Texas City, Galveston County, Texas. Plaintiff is a veteran employee of the Galveston County Sheriff's Office.

2. Defendant Galveston County is a political subdivision of the State of Texas, and may be served with process through County Judge Mark Henry, 722 Moody, Suite 200, Galveston, Texas 77550.

1

3.      Defendant Henry Trochesset is named individually and in his official capacity as Sheriff of Galveston County. He may be served with process at 601 54th Street, Galveston, Texas 77551.

## II.
### JURISDICTION

4.      The Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiff is suing Defendants under Section 1983 of Title 42 of the United States Code for violating the rights guaranteed to him by the First Amendment of the United States Constitution.

## III.
### VENUE

5.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court of the Southern District of Texas, Galveston Division, as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## IV.
### FACTS

6.      Plaintiff began his employment with Defendant Galveston County as a part-time reserve patrol deputy in 1975. He then became a full-time County employee in 2005 as a lieutenant of patrol and administrative duties. Until 2013, when Defendant Henry Trochesset was elected sheriff, Plaintiff had an exemplary career with the County. He was promoted five times by four different sheriffs and in 2008 the Deputy Sheriff's Association awarded him the honor of Deputy of the Year for his dedication and efforts during Hurricane Ike.

7.      Though Plaintiff was a part-time County employee until 2005 and he had another full-time job all the while, he proved to be a dedicated officer. Though gainfully employed in the

private sector, in 1975 Plaintiff joined the County as a reserve deputy because he wanted to serve and protect his community. In 1977, he was promoted to sergeant of the Reserve Division, then lieutenant in 1982, captain in 1984, and finally major in 2000. By June of 2005, he was hired as a full-time lieutenant and given duties as the assistant patrol commander. In 2009, Plaintiff was then promoted to captain and Patrol and Marine Division Commander.

8. In 2011, the then Sheriff of Galveston County, Freddie Poor, announced he would not seek reelection. As a result, two veteran employees of the Galveston County Sheriff's Office ran for sheriff. One candidate was Captain John Pruitt and the other was Defendant Trochesset, who was a major at the time.

9. During 2012, Plaintiff did not support Defendant Trochesset in his campaign for sheriff. In fact, Plaintiff supported Defendant Trochesset's opposing candidate, Captain Pruitt for sheriff. Though Plaintiff did not campaign for Captain Pruitt while at work, while off-duty and away from work he did. He attended Captain Pruitt's fundraising events, had a John Pruitt for Sheriff bumper sticker on his truck, and a sign in his yard. While outside of work, Plaintiff was also very candid and vocal about his support of Captain Pruitt for sheriff.

10. However, in November 2012, Defendant Trochesset was elected sheriff of Galveston County. Defendant Trochesset then forced Captain Pruitt to retire. Additionally, on January 1, 2013, his first day acting as sheriff, Defendant Trochesset demoted Plaintiff from captain and Patrol and Marine Division Commander to a Deputy V position. He also reassigned Plaintiff to the Corrections Division, a decidedly less interesting and prestigious position. Furthermore, Defendant Trochesset replaced Plaintiff with another deputy who had supported Defendant Trochesset in his election campaign.

11.     Plaintiff's demotion, from his coveted position of captain and Patrol and Marine Division Commander to Deputy V, was accompanied by removal from the Patrol division and placement in the Corrections Division; being stripped of his use of a county vehicle; and at least a $20,000.00 reduction in pay. This sharp decrease in salary also resulted in reduced pension contributions by Defendant Galveston County.

12.     These unprecedented adverse actions were obvious political retaliation. Plaintiff openly supported Captain Pruitt for sheriff. Plaintiff's political activities occurred off-duty and on his personal time. Nevertheless, Defendants demoted Plaintiff and removed him from a prestigious rank and a desirable position in patrol to a less desirable position in corrections.

13.     In demoting and transferring Plaintiff, Defendant Trochesset did not follow the County's internal procedures for demoting an employee. These procedures are only used for disciplinary actions. However, Plaintiff was not demoted as a result of disciplinary action, but because he supported Defendant Trochesset's opposition and was vocal about it.

## V.
### CAUSES OF ACTION
### FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

14.     Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

15.     Plaintiff is a public employee employed by Defendant Galveston County as a deputy sheriff.

16.     While off-duty, Plaintiff engaged in speech regarding a matter of public concern. Specifically, Plaintiff's speech consisted of his political beliefs, his support of and affiliation with a political candidate. As campaigning for a political candidate and expressing political views relate to a matter of public concern, Plaintiff's speech is protected under the First

4

Amendment. Furthermore, Plaintiff's interest in his protected speech outweighed Defendants' interest in promoting the efficient operation and administration of government services.

17. Plaintiff's speech was a substantial and motivating factor in Defendant Trochesset's decision to demote Plaintiff, reduce his pay, and transfer him from the Patrol Division to the Corrections Division.

18. Defendant Henry Trochesset, acting in his individual and official capacity as Sheriff and under color of state law, deprived Plaintiff of his right to free speech – guaranteed by the First Amendment to the United States Constitution – in violation of 42 U.S.C. 1983.

19. Defendant Galveston County is liable for constitutional violations when the execution of an official policy of the county causes the constitutional injury. Furthermore, a single decision by a policymaker, such as the sheriff, may constitute official policy when the decision-maker is also a final policymaker. Under state law, Defendant Trochesset is a final policymaker with respect to employment decisions regarding the deputies in his office. Thus, Defendant Galveston County officially adopted and promulgated the decision to unlawfully demote and transfer Plaintiff and reduce his pay. Accordingly, Defendant Galveston County may be held liable for the violations of Plaintiff's constitutional rights.

20. Additionally, in light of the clearly established law at the time the adverse employment actions occurred, Defendants' violations of Plaintiff's constitutional rights were objectively unreasonable. Because the law has been clearly established for over two decades, Defendant Trochesset should have known that if he retaliated against Plaintiff, for exercising his First Amendment rights by openly supporting an opposition candidate, that he could be held liable for demoting and transferring Plaintiff. Therefore, Defendant Trochesset displayed reckless and

callous indifference to over twenty years of clearly established precedent and is not entitled to qualified immunity from liability in this civil action.

21. Thus, Defendants acted intentionally to chill Plaintiff's speech, discredit him by damaging his reputation, and punish him for exercising his rights under the First Amendment.

## VI.
### DAMAGES

22. Plaintiff has sustained damages as a result of Defendants' actions described herein. Accordingly, Plaintiff is entitled to an award of actual and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court, including, but not limited to: mental anguish and emotional pain and suffering in the past and future; impairment of reputation, personal humiliation; lost wages and benefits in the past and future; together with pre-judgment and post-judgment interest as allowed by law.

23. Plaintiff would further show that Defendants' actions were committed with malice or reckless indifference to the Plaintiff's constitutionally protected rights. In order to punish Defendants for their unlawful actions and to deter such acts in the future, Plaintiff seeks to recover exemplary damages.

24. Additionally, as a result of Defendants' above-described actions and/or omissions, Plaintiff was required to retain counsel. Accordingly, Plaintiff also seeks compensation for attorney's fees, as well as out-of-pocket expenses and costs.

## VII.
### JURY DEMAND

25. Plaintiff hereby demands a trial by jury and tenders the jury fee.

## VIII.
### PRAYER

For the reasons set forth above, Plaintiff Raymond Benoist respectfully prays that the Defendants be cited to appear and answer herein, and for the following relief:

a. a judgment in Plaintiff's favor on all claims asserted in this complaint;

b. a permanent injunction prohibiting Defendants from unlawfully prohibiting constitutionally protected speech of county employees;

c. a permanent injunction prohibiting Defendants from unlawfully retaliating against county employees because those employees engaged in constitutionally protected speech;

d. judgment requiring Defendants to reinstate Plaintiff to his position as captain and Patrol and Marine Division Commander;

e. past and future wages;

f. lost employment benefits;

g. compensatory damages;

h. exemplary damages;

i. pre-judgment and post-judgment interest as permitted by law;

j. reasonable attorney's fees and costs; and

k. for such other and further relief to which Plaintiff may show himself to be justly entitled.

                Respectfully Submitted,



_____
 Alfonso Kennard, Jr.
 Texas Bar No.: 24036888
 Southern District Bar No.: 713316
 5433 Westheimer Road, Suite 825
 Houston, Texas 77056
 (713) 742-0900 (main)
 (713) 742-0951 (facsimile)
 alfonso.kennard@kennardlaw.com
 ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL FOR PLAINTIFF:



Monica Nunez-Garza
Texas Bar No.: 24079068
Southern District No.: 2383144
monica.nunez@kennardlaw.com